NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
XL SPECIALTY INSURANCE : **Hon. Dennis M. Cavanaugh**
COMPANY, :
: **OPINION**
Plaintiff, :
: Civil Action No. 09-00082 (DMC)
v. :
:
INTERSTATE INDUSTRIAL :
CORPORATION, INTERSTATE :
DRYWALL CORPORATION, :
INTERSTATE MATERIAL :
CORPORATION, FRANK A. :
DITOMMASO, and PETER N. :
DITOMMASO, :
:
Defendants. :
_____:

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Interstate Industrial Corporation ("Interstate"), Interstate Drywall Corporation ("Interstate Drywall"), Interstate Materials Corporation ("Interstate Materials"), Frank A. DiTommaso, and Peter N. DiTommaso (collectively "Defendants") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties and based upon the following, it is the finding of the Court that Defendants' motion to dismiss is **denied**.

**I.    BACKGROUND**[1]

    **A.    Factual Background**

On or about May 5, 2004, Plaintiff XL Specialty Insurance Company ("XL") and Defendants

_____
[1]The facts set forth in this Opinion are taken from Plaintiff's Complaint.

executed an Agreement of Indemnity (the "Agreement") that named Plaintiff as the surety. The relevant terms of the Agreement were included in the Complaint. The Agreement names Interstate as the principal. Pursuant to Section V of the Agreement, Defendants agreed, *inter alia*, that:

> In order to exonerate, hold harmless and indemnify SURETY, UNDERSIGNED shall upon demand of SURETY deposit funds with SURETY before SURETY makes any payment; such funds shall be at the SURETY'S option, money or property or liens on or security interests in property. The amount of such money or property or the value of property to become subject to liens or security interests shall, at the option of the SURETY, equal (1) the sum of all pending claims asserted against SURETY on BOND(S), whether such claims are contested or not or whether or not liability has been established with respect to such claims, plus the amount of costs and expenses which the SURETY in its sole discretion, estimates may be incurred as a result of the assertion of such claims, or (2) the reserve established by SURETY as consequence of having issued BOND(S) in behalf of PRINCIPAL. SURETY shall have no obligation to invest or provide a return on the funds deposited. UNDERSIGNED acknowledge that failure of UNDERSIGNED to deposit funds with SURETY in accordance with this section in the amounts and at the time demanded by SURETY shall cause irreparable harm for which SURETY has no adequate remedy at law. UNDERSIGNED agree that SURETY shall be entitled to injunctive relief for specific performance of UNDERSIGNED'S obligation to deposit funds with SURETY in accordance with this section.

Defendants' liability under this provision is joint and severable.

On or around April 27, 2004, Interstate and the City of Perth Amboy ("Perth Amboy") entered into a contract to construct the Perth Amboy Public Safety Complex ("Project"). On or around May 6, 2004, Plaintiff issued Performance and Payment Bond No. SB0087610 ("Bond") to Perth Amboy on Interstate's behalf for the Project. Interstate failed to perform its obligations under the April 27, 2004 contract. Perth Amboy has asserted a claim against the Bond in state court. In accordance with the Agreement, Plaintiff has incurred or will incur losses, costs, and expenses to

investigate, defend, and satisfy any claims against the Bond.

Plaintiff sent a letter to Defendants dated December 18, 2008, to inform Defendants about its exposure under the Bond. Pursuant to the terms of the Agreement, Plaintiff demanded collateral security in the amount of no less than $250,000. Defendants have refused to provide Plaintiff with the demanded collateral funds.

### B. Procedural Background

Plaintiff commenced this action for breach of contract and related claims on January 8, 2009. Plaintiff asserts eight counts: 1) specific performance of the Agreement to enforce Plaintiff's demand for collateral security; 2) specific performance of the Agreement to inspect books and records; 3) contractual indemnification; 4) exoneration; 5) *quia timet* (equitable relief from future probable harm to Plaintiff's rights); 6) common law indemnification; 7) subrogation; and 8) trust fund violation. Defendants filed a motion to dismiss the Complaint on March 2, 2009.

## II. DISCUSSION

Fed. R. Civ. P. 19 provides the standard for determining when joinder of a particular party is compulsory. First, a court must determine whether the absent party is "necessary" under Rule 19(a). Gen Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). If the absent party is a necessary party but joinder is not feasible, a court must then determine whether the absent party is "indispensable" under Rule 19(b). Id. If the absent party is not necessary to the action under Rule 19(a), the inquiry does not need to reach the question of indispensability under Rule 19(b). Bank of America Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates, 844 F.2d 1050, 1054 (3d Cir. 1988).

Defendants contend that Perth Amboy is a necessary party because (1) Interstate's obligations

to Plaintiff under the Agreement cannot be determined without determining Interstate's obligations to Perth Amboy under the Project contract; and (2) failure to join Perth Amboy would duplicate the dispute pending in state court between Perth Amboy, Interstate, XL, and other parties, which could lead to inconsistent judgments.[2]

### A. Fed. R. Civ. P. 19(a)

Rule 19(a) defines when a party is "necessary" to an action. It states, in pertinent part:

> A person . . . shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). Clauses (1) and (2) of Rule 19(a) are stated in the disjunctive, and therefore "if either subsection is satisfied, the absent party is a necessary party that should be joined if possible." Koppers Co., Inc. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998).

#### 1. Fed. R. Civ. P. 19(a)(1)

The inquiry under Fed. R. Civ. P. 19(a)(1) is limited to whether a court can grant complete relief to the existing parties to the action in the absence of a potentially relevant party. Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 299, 405 (3d Cir. 1993). The effect a court's ruling may have on the absent party is not material to this part of the inquiry. Id.

Defendants contend that Perth Amboy is a necessary party to this action because the collateral

---

[2] Defendants' arguments only apply to Count One of Plaintiff's Complaint. Therefore, the Court will only address whether Perth Amboy is a necessary and indispensable party under Rule 19 for Count One.

security Plaintiff seeks is "directly related" to the value of the unfinished work on the Project. Defendants seem to allege that the value of the unfinished work is the same amount that Plaintiff should be paid in collateral funds. Consequently, Defendants argue that Perth Amboy must be joined as a party to determine the value of the unfinished work and the amount that Perth Amboy is willing to pay Interstate for that work, which will ultimately be paid to Plaintiff as collateral. If Perth Amboy is not joined to this action, Defendants argue that Interstate will be required to file a third party complaint against Perth Amboy to determine the amount of unfinished work on the Project and the amount of that work for which Perth Amboy is willing to compensate Interstate. Only then, Defendants argue, can it be determined how much collateral Defendants must give Plaintiff.

Whether this Court can grant complete relief to Plaintiff and Defendants in Perth Amboy's absence depends on the construction of the collateral security provision in the Agreement. Indemnity agreements are interpreted in accordance with general principles of contract law. IFC Interconsult, AG v. Safeguard Intern. Partners, LLC, 438 F.3d 298, 317 (3d Cir. 2006); see, e.g., Koppers, 158 F.3d at 175; U.S. Fidelity & Guar. Co. v. Feibus, 15 F. Supp. 2d 579, 588 (M.D.Pa. 1998)(looking to the language of the collateral security provision to determine conditions precedent to principal's obligation to provide surety with collateral).  Courts have routinely granted specific performance to enforce collateral security provisions, specifically where no conditions precedent to providing collateral funds exist other than the surety's demand for reserves pursuant to an explicit provision in an indemnity agreement. See, e.g., Westchester Fire Ins. Co. v. Global Real Const., LLC, No. 09-207, 2009 WL 137414, at *2 (D.N.J. Jan. 20, 2009)("[T]he law of . . . New Jersey recognize[s] the remedy of specific performance where an indemnity agreement calls for a principal to provide collateral to a surety after a third party seeks to exercise its rights to a bond").

5

Here, the Agreement's collateral security provision explicitly states that the Undersigned, meaning Defendants, must, upon demand of Surety, meaning Plaintiff, deposit funds with Plaintiff in an amount that equals:

> (1) the sum of all pending claims asserted against SURETY on BOND(S), **whether such claims are contested or not or whether or not liability has been established with respect to such claims**, plus the amount of costs and expenses which the SURETY, in its sole discretion, estimates may be incurred as a result of the assertion of such claims, or (2) the reserve established by SURETY as consequence of having issued BOND(S) in behalf of PRINCIPAL. (emphasis added).

First, the Agreement explicitly states that Defendants are obligated to provide Plaintiff with collateral funds in an amount that is either the sum of all pending claims asserted against Plaintiff on a bond or the reserve Plaintiff established because it issued bonds on Interstate's behalf. Plaintiff has demanded no less than $250,000, which is significantly less than the $4,180,000 value of the Bond at issue in the state court action. Second, the Agreement explicitly states that Defendants are bound to provide collateral funds to Plaintiff regardless of whether claims against the Bond have been contested or whether liability under the Bond has been established. Defendants had notice of this provision when they signed the Agreement. Their obligation does not change despite Perth Amboy's suit against Plaintiff and Defendants for breach of the Bond. It is worth noting that Defendants do not dispute that they have an obligation to provide collateral. The Defendants only argue that the amount they must pay depends on another party and external factors. Paying collateral would not affect any of the three parties' potential liability under the Bond in the state court action. Complete relief can be accorded in this case despite Perth Amboy's absence. Therefore, Perth Amboy is not a necessary party to this action under Rule 19(a)(1).

**2.     Fed. R. Civ. P. 19(a)(2)**

Although it has been determined that complete relief can be accorded to the named parties to this action, a court may still deem a party "necessary" under Rule 19(a)(2). Subsection (a)(2) requires a court to consider the effect that resolution of the dispute at issue may have on the absent party. See Fed. R. Civ. P. 19(a)(2).

**i.     Fed. R. Civ. P. 19(a)(2)(i)**

Under Rule 19(a)(2)(i), a court must decide whether determining the rights of the parties named to an action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation. Fed. R. Civ. P. 19(a)(2)(i); see also Shepard Niles, 11 F.3d at 409.

Defendants have not argued that granting specific performance of the collateral security provision without Perth Amboy would impair or impede Perth Amboy's ability to litigate its obligations and liabilities under the Bond at issue in state court. Defendants have not asserted that Perth Amboy has an interest in the issue of the Defendants provision of collateral to Plaintiff. Perth Amboy is not a party to the Agreement at issue in this case. Defendants have only asserted that they may have to seek contribution from Perth Amboy pending the result of the state court action. Even if this is true, Plaintiff's claims, if granted, would not preclude Defendants from seeking contribution in a subsequent proceeding. Therefore, Perth Amboy is not a necessary party under Rule 19(a)(2)(i).[3]

---

[3] Defendants' brief includes a copy of the Complaint filed by Perth Amboy in Middlesex County Superior Court against XL and Interstate. In the state court action, Perth Amboy alleges that XL is jointly and severally liable for Industrial's breach of the Project contract and that it has failed to complete Industrial's work on the Project pursuant to the Bond's terms. Perth Amboy also asserts an indemnification claim against Industrial and XL pursuant to the project contract and the Bond. Therefore, Perth Amboy's claims against XL and Industrial are based on the Bond's terms and not on whether Industrial provides XL with collateral funds under the Agreement. Therefore, the parties' obligations and liabilities under the Bond will not be litigated in Count One of Plaintiff's Complaint.

### ii.     Fed. R. Civ. P. 19(a)(2)(ii)

Although Perth Amboy is not a necessary party under Rule 19(a)(2)(i), the Court must still determine whether the continuation of this action in Perth Amboy's absence would expose Defendants to the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2)(ii).

Defendants argue that if the Court decides that Defendants must pay Plaintiff collateral funds in this action, Defendants will have to seek contribution from Perth Amboy. They argue, this could conflict with a state court judgment ruling that Plaintiff and Defendants must indemnify Perth Amboy against any damages won by other parties in the action.

It has been established that damages are not equitable relief that could lead to inconsistent legal obligations. See Wheaton v. Diversified Energy, LLC, 215 F.R.D. 487, 491 (E.D. Pa. 2003)(finding money damages are not relief that affect contractual rights or liabilities that may lead to inconsistent legal obligations when two courts rule on the same transactions or occurrences); Field v. Volkswagenwerk AG, 626 F.2d 293, 301-02 (3d Cir. 1980)("Nor . . . does the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, trigger the application of Rule 19" when a separate trial is needed for the defendant to seek indemnification or contribution from an absent party).

As stated above, if it is determined that Defendants must pay collateral funds to Plaintiff, Defendants would not be precluded from seeking contribution from Perth Amboy in a separate action. In addition, Defendants would not be precluded from seeking contribution from Plaintiff to cover any damages Interstate must pay in the state court action. The inconvenience that Defendants may suffer is not enough to trigger Rule 19. See Gardiner v. Virgin Islands Water & Power Auth.,

145 F.3d 635, 641 (3d Cir. 1998)(recognizing that a separate indemnity suit is a less convenient remedy for defendant but is an adequate way of resolving defendant's risk of inconsistent obligations). The possibility that Perth Amboy will be obligated to pay contribution to Defendants does not make it a necessary party. See Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005).

In addition, the subject matter of this litigation is Defendants' obligation to Plaintiff pursuant to the collateral security provision in the Agreement to which only Plaintiff and Defendants are parties. A ruling in favor of or against Defendants under Count One would have no bearing on Defendants' liability or lack thereof to Perth Amboy in the pending state court action, therefore, Perth Amboy is not a necessary party pursuant to Rule 19(a)(2)(ii).

### B. Fed. R. Civ. P. 19(b)

Since it has been determined that Perth Amboy is not a necessary party pursuant to Fed. R. Civ. P. 19(a), there is no need to determine whether Perth Amboy is an indispensable party under Rule 19(b).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(7) is **denied**.

                                           S/ Dennis M. Cavanaugh
                                           Dennis M. Cavanaugh, U.S.D.J.

Date:   August 18, 2009
Orig:   Clerk
Cc:     All Counsel of record
         File